UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                            :

AARON O'REILLY, et al.,               :

                   :

           Plaintiffs,      :             25-CV-08354 (JAV)

                   :

      -v-                 :             <u>ORDER</u>

                   :

KYNDRYL HOLDINGS, INC.,       :

                   :

           Defendant.      :

                   :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Before the Court is Mr. Vincent Cannady's motion for permissive intervention under Rule 24(b) and permissive joinder under Rule 20(a)(1). ECF No. 20. Mr. Cannady also seeks in this motion to join the instant action as a class member, although this case is not a putative class action. The Court denies Mr. Cannady's motion, as well as his request for an extension of time to reply to opposition papers filed by the parties.

Both Defendant Kyndryl Holdings, Inc. ("Kyndryl") and Plaintiffs oppose Mr. Cannady's motion. ECF Nos. 30 ("Def. Opp'n".), 32 ("Pl. Opp'n"). As the parties have outlined, Mr. Cannady's claims do not share a common question of fact or law with this action or arise out of the same transactions or occurrences, as required for permissive joinder or intervention. Fed. R. Civ. P. 20(a)(1), 24(b)(2). Unlike Plaintiffs, Mr. Cannady – as the Western District of Missouri has recognized – was not a Kyndryl employee. *See Kyndryl, Inc. v. Cannady*, No. 23-cv-03279 (W.D. Mo.) at ECF No. 131 at 6 (dismissing Mr. Cannady's ADEA, Missouri Human Rights Act, and ADA claims based on his admission that he was not Kyndryl's employee). Further, his claims do not allege misconduct by the Kyndryl employees whom Plaintiffs accuse of

discrimination, and his allegations of discrimination against Kyndryl are entirely dissimilar to Plaintiffs, who allege discrimination based on national origin.  Pl. Opp'n 3-6.  There is no factual overlap between the events that give rise to Plaintiffs' claims and the events giving rise to Cannady's claims of retaliation, which have already been heavily litigated.  *See, e.g.*, Def. Opp'n 3-4.  His intervention would have no bearing on the essential facts of this case and would unduly delay and prejudice the adjudication of the rights of the original parties.

Accordingly, Mr. Cannady's motion is DENIED.  The Clerk of Court is directed to terminate ECF Nos. 20 and 39.

SO ORDERED.

Dated:  January 8, 2026
      New York, New York                      JEANNETTE A. VARGAS
                                      United States District Judge